IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-01195 |
| ) | |
| APPROXIMATELY $95,560.00 ) | |
| IN UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Sean M.A. Hatfield, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Approximately $95,560.00 in United States currency (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2. The defendant property consists of approximately $95,560.00 in United States currency that was seized on May 1, 2018 by the Kansas Highway Patrol during a routine traffic stop of a vehicle driven by Amylee Howcroft on I-70 at milepost 340 in Wabaunsee County, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in the district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and

disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

        Respectfully submitted,

        STEPHEN R. McALLISTER
        United States Attorney

        */s/ Sean M.A. Hatfield*

        SEAN M.A. HATFIELD
        Ks. S. Ct. No. 24098
        Special Assistant United States Attorney
        1200 Epic Center, 301 N. Main
        Wichita, Kansas 67202
        T: (316) 269-6481
        F: (316) 269-6484
        sean.hatfield@usdoj.gov

## DECLARATION

I, Shawn M. Herrman, am a Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __2__ day of July, 2018.

TFO SHAWN M. HERRMAN
DEA

# AFFIDAVIT

I, Shawn Herrman, being first duly sworn, depose and state:

1. I have been employed with the Kansas Highway Patrol (KHP) since January 2012, and have been cross-designated as a DEA Task Force Officer since June 2017. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and forfeitures thereto.

2. The information contained in this report is known to me through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This report is submitted in support of federal forfeiture.

3. On May 1, 2018, at approximately 12:19 p.m., Kansas Highway Patrol Trooper Chandler Rule conducted a traffic stop for fail to maintain and improper display of registration, on a blue 2017 Nissan Rogue displaying Utah registration (F784CB), on westbound I-70 near milepost 340 in Wabaunsee County, Kansas. The driver and sole occupant of the vehicle was identified as Amylee HOWCROFT.

4. During Trooper Rule's encounter with HOWCROFT, multiple indicators of criminal activity were present including: a strong odor of air freshener, extremely nervous behavior, lacked confidence in her story regarding her travels and kept changing subjects while answering questions. HOWCROFT also had an extensive criminal history for drug related charges to include manufacturing/distributing/dispersing a controlled substance (both in 2015 and 2016).

5. Consent to search the vehicle was denied. Rossville Police Department canine handler, Trent Stanley, responded to TRP Rule's location. Officer Stanley's certified drug detection canine gave a positive indication to the odor of illegal narcotics in or about the vehicle. A search of the vehicle led to the discovery of $95,560.00, suspected drug related United States Currency (USC). $86,560.00 of the USC was located inside a cooler in the rear cargo area packaged in three duct-taped bundles, and $9,000.00 of the USC was located in a bag behind the passenger seat. Based on my training and experience, the bulk USC was packaged and concealed consistent with that of

narcotics proceeds, other narcotic related USC, and contraband when packaged for transport.

6. During a post-*Miranda* interview, HOWCROFT admitted to the USC being drug proceeds or from the sales of illegal narcotics and that she had seen approximately (60) pounds of marijuana, and possibly (6) pounds of possibly cocaine or methamphetamine at the hotel where she received the USC. HOWCROFT stated one individual showed up with the USC at a hotel room in Illinois, and another showed up with the illegal narcotics described above.

7. HOWCROFT advised this is her 3rd trip in the last five months. The first trip HOWCROFT did not know how much USC she was transporting because she did not package it, and the second trip she transported approximately $60,000.00. HOWCROFT advised the USC located in the bag was her cut for transporting. HOWCROFT admitted to there being approximately $95 - $98,000.00 total USC. HOWCROFT signed Kansas Highway Patrol form (HP-135) disclaiming the USC.

8. Later, at another location, a certified drug detection canine did not alert to the odor of illegal narcotics emitting from the $85,560.00. The same certified drug detection canine gave a positive indication to the odor of illegal narcotics emitting from the $9,000.00 USC.

9. HOWCROFT advised she is currently on probation for a drug related offense.

10. HOWCROFT was released, pending a further criminal and financial investigation by the Kansas Highway Patrol and the DEA Kansas City Interdiction Task Force.

11. Based on the information set out above, TFO Herrman has probable cause to believe that the $95,560.00 USC seized by the Kansas Highway Patrol constitutes money, or other things of value furnished, or intended to be furnished, in exchange for a controlled substance or proceeds traceable to such an exchange, or was used, or intended to be used, to facilitate one or more violations of Title 21, U.S.C. § 841 et seq. Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. § 881.

Shawn Herrman, TFO DEA

Sworn to and subscribed before me on this 2nd day of July, 2018.

Notary Public

JASON R. WILKINS
Notary Public - State of Kansas
My Appt. Expires 07-28-2022